No. 11-2197

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TIMOTHY LAMONT PRICE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

**FILED**
**Apr 11, 2012**
LEONARD GREEN, Clerk

    Timothy Lamont Price, a federal prisoner proceeding pro se, appeals the order of the district court dismissing his motion for relief from judgment, purportedly filed pursuant to Federal Rule of Civil Procedure 60(b)(4) and directed to a 2009 order denying a prior 28 U.S.C. § 2255 motion to vacate his sentence. Price has now filed a motion for a certificate of appealability (COA) in this court. *See* Fed. R. App. P. 22(b)(2).

    In 2002, Price pleaded guilty to using a firearm in relation to a crime of violence, armed robbery, and aiding and abetting, and he was sentenced to 150 months in prison and three years of supervised release. *See United States v. Price*, 71 F. App'x 567, 568 (6th Cir. 2003).

    In 2008, Price filed a pro se motion to dismiss his criminal case for lack of jurisdiction, which the district court construed as a § 2255 motion and denied as barred by the one-year limitations provision, 28 U.S.C. § 2255(f). Price did not appeal.

    In 2011, Price filed a second § 2255 motion, again asserting that the trial court lacked subject-matter jurisdiction over his criminal case. On or about the same date, Price filed this Rule 60(b)(4) motion for relief from judgment, apparently challenging the denial of his first § 2255 motion. Acting sua sponte, the district court dismissed the new § 2255 motion as second or successive, and observed in a footnote that the motion would be time-barred. On the same date, the district court denied the Rule 60(b) motion in a separate order. The district court denied Price a

COA. Price's timely notice of appeal was directed to the order denying Rule 60(b) relief. He did not file a separate notice of appeal from the denial of the § 2255 motion.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When the district court denies the petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A COA is necessary to appeal the denial of a Rule 60(b) motion that challenges a "defect in the integrity" of a habeas proceeding. *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 2902 (2011).

In his COA application in this court, Price continues to argue that the trial court lacked subject-matter jurisdiction because the bank he robbed was not federally insured and that he would never have pleaded guilty except for his attorney's erroneous advice. He contends that, under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), his postjudgment motion was properly considered under Rule 60(b)(4), which is directed to the correction of "void" judgments. He also argues that there is "no time limit for relief from void judgments."

The district court did not specifically address whether Price's Rule 60(b) motion should have been construed as a second or successive § 2255 motion under *Gonzalez*, *supra*. In *Gonzalez*, 545 U.S. at 532, the Supreme Court explained that a Rule 60(b) movant presents a successive "claim" under 28 U.S.C. § 2244(b) if the motion "attacks the federal court's previous resolution of a [habeas] claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." (footnote and emphasis deleted.) In his current Rule 60(b) motion, Price is not specifically attacking the judgment in his first § 2255 case as "void." He is attacking the underlying 2002 criminal judgment as "void." This is the same as attacking the § 2255 judgment on the merits, insofar as this is the substance of the claim he raised in his first § 2255 motion, and his Rule 60(b) motion was effectively a successive § 2255 motion under *Gonzalez*.

No. 11-2197
- 3 -

The proper course of action would have been for the district court to transfer Price's Rule 60(b) motion to this court to determine whether he was entitled to file a successive petition in the district court. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Nonetheless, because Price clearly was not entitled to relief under Rule 60(b), his application for a COA will be denied.

The denial of a motion for relief from judgment under Rule 60(b)(4) is reviewed de novo. *See Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006). It is not disputed that Price's first § 2255 motion was filed several years after his conviction became "final." *See* 28 U.S.C. § 2255(f)(1). He now maintains, however, that there is "no time limit" for an attack on a "void" judgment. As noted above, Price purports to attack the § 2255 judgment from 2009, but his assertion of a "void" judgment is actually directed to his underlying criminal judgment. This underlying jurisdictional claim is frivolous, at least insofar as he cites it as a basis for overcoming the one-year limitations provision. It is true that a court's subject-matter jurisdiction "can never be forfeited or waived" insofar as it involves "the courts' statutory or constitutional *power* to adjudicate [a] case." *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (citation and internal quotation marks omitted). However, defects in an indictment are specifically of the type that "do not deprive a court of its power to adjudicate a case." *Id.* at 630. Price's jurisdictional argument thus serves as no basis for challenging the dismissal of his first § 2255 motion as time-barred.

For the foregoing reasons, Price's COA application is denied.

ENTERED BY ORDER OF THE COURT

*[signature]*

Clerk

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Leonard Green<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: April 11, 2012

Mr. Timothy Lamont Price
F.C.I. Allenwood - Medium
P.O. Box 2000
White Deer, PA 17887

                Re:  Case No. 11-2197, *Timothy Price v. USA*
                     Originating Case No. : 1:11-CV-935 : 1:02-CR-73-4

Dear Sir,

   The Court issued the enclosed Order today in this case.

                                             Sincerely yours,

                                             s/Sue Burlage
                                           Case Manager
                                           Direct Dial No. 513-564-7012

cc:  Ms. Tracey Cordes
     Mr. Timothy P. VerHey

Enclosure

No mandate to issue.